UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JIANGXI PANDA FIREWORKS CO. LTD, | Case No. 2:23-cv-01232-MMD-DJA |
| Plaintiff, | ORDER |
| v. | |
| DOUGLAS BURDA, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff Jiangxi Panda Fireworks Co., Ltd. sued Defendants Douglas Burda, Koncept LLC, Elissa Burda, Red Apple Fireworks Co., Ltd., and 1.4g Holdings, LLC for alleged trademark infringement and other related claims. (ECF No. 19 ("First Amended Complaint" or "FAC").) Before the Court are Defendants' motion to compel arbitration (ECF No. 62),[1] motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 23, 24, 25, 26),[2] and motions to dismiss for violation of Nevada anti-SLAPP statute (ECF Nos. 33, 34, 35, 36).[3] As further explained below, the Court will grant the motion to compel arbitration, deny as moot the Nevada anti-SLAPP motions to dismiss, and largely deny the Rule 12(b)(6) motions to dismiss.

---

[1]Plaintiff responded (ECF No. 65), and Defendants replied (ECF No. 66).

[2]Plaintiff responded (ECF Nos. 37, 38), and Defendants replied (ECF Nos. 44, 45).

[3]Plaintiff responded (ECF No. 40), and Defendants replied (ECF No. 46).

Defendants requested oral argument on all of their motions, but the Court determined that a hearing was not necessary to resolve the motions. *See* LR 78-1 ("All motions may be considered and decided with or without a hearing.").

Much of Defendants' eight separately filed Rule 12(b)(6) motions to dismiss and anti-SLAPP motions to dismiss are substantially similar in content, so the Court will reference arguments from the motion in which they first appear. The Court cautions Defendants against such duplicative and inefficient filing.

## II. BACKGROUND

The following allegations are adapted from the FAC. Plaintiff is a Chinese corporate entity that imports firework products for sale and distribution in the United States, including Nevada. (ECF No. 19 at 3.) Plaintiff alleges it owns the common law rights to marks incorporating "Panda" and marks incorporating "Ghost" as trademarks in the United States. (*Id.* at 12, 34.) Plaintiff alleges that Douglas Burda, working under the banner of Koncept LLC, doing business as Burda IP, served as trademark attorney for Plaintiff. (*Id.* at 2.) Plaintiff and Koncept had entered into a contract for legal representation regarding Plaintiff's trademark matters (ECF No. 62-1 ("Agreement")), which contained an arbitration clause (*id.* at 4). Plaintiff alleges that Douglas Burda, who had full knowledge of Plaintiff's prior use of numerous common law trademarks, secured federal registration of marks such as "PANDA", "GIANT PANDA", "PANDA BOX", and "GHOST" in the name of 1.4g, a limited liability company owned by his mother, Elissa Burda, so that 1.4g could sue Plaintiff and other companies in order to benefit Douglas Burda's fireworks company Red Apple, which has sold and continues to sell firework products employing the marks at issue and infringing on Plaintiff's common law trademarks. (ECF No. 19 at 2.)

Plaintiff asserts claims against 1.4g and Red Apple for common law trademark infringement, federal unfair competition under 15 U.S.C. § 1125(a)(1), and declaratory judgment for the invalidity and cancellation of the marks at issue—the first through sixteenth claims. (*Id.* at 12-47.) Plaintiff also asserts claims for unjust enrichment and common law trademark/trade name infringement against 1.4g and Red Apple—the twenty-first and twenty-third claims. (*Id.* at 56-57, 59-61.) Plaintiff in addition asserts claims against Douglas Burda and Koncept for breach of fiduciary duty, constructive fraud, and breach of the implied covenant of good faith and fair dealing—the seventeenth through nineteenth claims—and claims against all Defendants for civil conspiracy and intentional interference with prospective economic advantage—the twentieth and twenty-second claims. (*Id.* at 47-56, 58.)

## III. DISCUSSION

The Court first addresses Defendants' motion to compel arbitration, then their Nevada anti-SLAPP motions to dismiss and Rule 12(b) motions to dismiss as to any remaining claims.

### A. Motion to Compel Arbitration

Defendants move to compel arbitration of Plaintiff's seventeenth through twenty-second claims for relief (ECF No. 62)—which include claims against Douglas Burda and Koncept for breach of fiduciary duty, constructive fraud, and breach of the implied covenant of good faith and fair dealing; claims against all Defendants for civil conspiracy and intentional interference with prospective economic advantage; and claims against 1.4g and Red Apple for unjust enrichment. The Court first addresses whether the arbitration clause in the Agreement covers these claims and then whether Defendants waived their right to arbitrate.

#### 1. Whether the Arbitration Clause Covers Plaintiff's Claims

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (citing 9 U.S.C. § 3). "The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Id.* (citation omitted). In making these determinations, the Court applies "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citations omitted). Under Nevada law,[4] a "contract will be enforced as written" where "the language of the contract is clear and unambiguous." *Am. First Fed. Credit Union v. Soro*, 359 P.3d 105, 106 (Nev. 2015).

---

[4] The Agreement is governed by Nevada law. (ECF No. 62-1 at 4 ("It is the intention of the parties that the laws of the State of Nevada govern the validity of this Agreement, the construction of this Agreement's terms and conditions, and the interpretation of the rights and duties of the parties to this Agreement.")).

Plaintiff does not dispute that it and Koncept entered into a valid and enforceable agreement to arbitrate—via the Agreement—but disputes that the relevant arbitration clause encompasses the claims at issue. (ECF No. 65 at 8.) The Agreement unambiguously states that "any dispute or controversy arising out of, relating to or in connection with the interpretation, validity, construction, performance, breach or termination of this Agreement shall be submitted to binding arbitration to be held in Nevada in accordance with the rules of the American Arbitration Association." (ECF No. 62-1 at 4.)

"[W]hen parties intend to include a broad arbitration provision, they provide for arbitration 'arising out of or relating to' the agreement." *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011). "Similarly, the 'in connection with . . . this Agreement' language of the Agreement is also given the broadest possible interpretation." *Golden v. Dameron Hosp. Ass'n*, Case No. CIV. S-12-0751 LKK, 2012 WL 4208779, at *5 (E.D. Cal. Sept. 19, 2012) (citing *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999)). "When an arbitration clause is interpreted 'broadly,' it 'reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract.'" *Id.* (citation omitted). "Further, the dispute at issue need only touch matters covered by the contract, in order for the court to resolve all doubts in favor of arbitration." *Id.* (quotation marks and citations omitted).

Plaintiff argues that Douglas Burda's alleged egregious conduct of "us[ing] his position of trust and confidence as [Plaintiff's] trademark counsel to register competing trademarks for his mother's company, 1.4g" and "representing a client in direct conflict to [Plaintiff]" falls outside the scope of Koncept's agreed-upon legal representation and cannot be covered by the Agreement. (ECF No. 65 at 8-9.) The Court is not persuaded by this argument because Plaintiff's claims against Koncept essentially arise out of, relate to, and are connected with the performance and alleged breach of the Agreement. Specifically, Plaintiff's allegations underlying those claims are based on Douglas Burda and Koncept's alleged breach of fiduciary duty, duty of care, and implied covenant of good

4

faith and fair dealing, which are derived from the attorney-client relationship and the Agreement. (ECF No. 19 at 47, 49, 50, 52.) Plaintiff's disputes with Koncept thus certainly "touch matters" covered by the Agreement and in fact have their "origin" in the Agreement. Accordingly, the Court finds that the arbitration clause in the Agreement covers all of Plaintiff's claims against Koncept.

Defendants argue that the challenged claims against Douglas Burda, 1.4g, Red Apple, and Elissa Burda are also subject to arbitration because they also arise from or relate to Koncept's representation of Plaintiff and the Agreement. (ECF No. 62 at 14.) Plaintiff makes no counterargument, and the Court agrees with Defendants. "[C]ourts must apply state law in determining whether [ ] 'traditional principles . . . allow a contract to be enforced by or against nonparties to the contract.'" *RUAG Ammotec GmbH v. Archon Firearms, Inc.*, 538 P.3d 428, 432 (Nev. 2023) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009)). The Nevada Supreme Court has held that "if a nonsignatory seeking to compel arbitration can establish a right to enforce the contract under any one of [five] theories"—incorporation by reference, assumption, agency, veil-piercing/alter ego, and estoppel—"it has shown a right to enforce the arbitration agreement within the contract." *RUAG*, 538 P.3d at 434.

Douglas Burda, 1.4g, Red Apple, and Elissa Burda are non-signatories to the Agreement who seek to compel arbitration under a theory of equitable estoppel. (ECF No. 62 at 14-15.) "[A] nonsignatory seeking to compel arbitration can satisfy a theory of estoppel (1) where the claims rely on the terms of the written agreement containing the arbitration provision or 'arise out of and relate directly to the written agreement,' or (2) where the claims involve 'allegations of substantially interdependent and concerted misconduct by both the nonsignatory [seeking to compel arbitration] and one or more of the signatories to the contract.'" *RUAG*, 538 P.3d at 435. "To ensure the test serves the purpose of equitable estoppel, [courts] understand the second method to require that the allegations be 'founded in or intimately connected with the obligations of the underlying agreement.'" *Id.* As Plaintiff's twentieth claim for civil conspiracy makes clear (ECF No.

19 at 51-56), Plaintiff's seventeenth through twenty-second claims involve allegations of "substantially interdependent and concerted misconduct" by the non-signatories and Koncept, one of the signatories to the Agreement, and these allegations are "founded in or intimately connected with the obligations" of Koncept's agreement to legally represent Plaintiff in its trademark matters. *See RUAG*, 538 P.3d at 435. The Court therefore finds that Douglas Burda, 1.4g, Red Apple, and Elissa Burda have established their right to enforce the arbitration clause of the Agreement and compel Plaintiff—a signatory—to arbitration. Accordingly, the arbitration clause applies to Plaintiff's seventeenth through twenty-second claims against all corresponding Defendants.

### 2. Whether Defendants Waived Right to Arbitrate

Defendants argue that they have not waived their right to arbitrate by pursuing dismissal of the arbitrable claims or discovery (ECF No. 62 at 16-17), while Plaintiff counters that Defendants have waived their right to arbitrate by vigorously litigating this dispute (ECF No. 65 at 9). "The question of whether a party waived its right to arbitrate on the basis of its litigation conduct" is "presumptively for a court and not an arbitrator to decide." *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016). In light of the "strong federal policy favoring enforcement of arbitration agreements," waiver of the right to arbitration is "disfavored" and "any party arguing waiver of arbitration bears a heavy burden of proof." *Id.* at 1124 (citations and internal quotation marks omitted). "[T]he test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right."[5] *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023); *see also Morgan*

---

[5] Defendants' opening brief cites to cases that rely on this federal law standard for analyzing waiver of the right to arbitrate (ECF No. 62 at 16), but Defendants argue in their reply that Nevada law applies to the waiver analysis and includes a third requirement of prejudice (ECF No. 66 at 4, 5). First, the Court finds that federal law applies to the waiver analysis. "[A] general choice-of-law clause within an arbitration provision," like the one here, "does not trump the presumption that the FAA supplies the rules for arbitration." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir.), *opinion amended on denial of reh'g*, 289 F.3d 615 (9th Cir. 2002). "[W]aiver of the right to compel arbitration is a rule for arbitration, such that the FAA [that is, federal law] controls." *Id.* Second, because Defendants raised its Nevada law and prejudice arguments for the first time in its reply,

*v. Sundance, Inc.*, 596 U.S. 411, 419 (2022) (eliminating third requirement of prejudice in establishing waiver of arbitration). The parties do not dispute Defendants' knowledge of an existing right to compel arbitration, so the Court only addresses the second element.

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate; rather, [courts] consider the totality of the parties' actions." *Newirth by & through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 941 (9th Cir. 2019) (internal quotation marks and citation omitted). "Applying this holistic approach, [courts] have generally asked whether a party's actions 'indicate a conscious decision . . . to seek judicial judgment on the merits of [the] arbitrable claims, which would be inconsistent with a right to arbitrate.'" *Id.* "That is, a party acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Id.*

Plaintiff first argues that Defendants' extensive motion practice, particularly their filing of multiple motions to dismiss, demonstrates that Defendants have acted inconsistently with the right to arbitrate. (ECF No. 65 at 10.) "Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum." *Newirth*, 931 F.3d at 941. Thus, "filing a motion to dismiss that does not address the merits of the case is not sufficient to constitute an inconsistent act." *Id.* at 941-42 (citations and internal quotation marks omitted). Plaintiff focuses merely on the number of motions Defendants have filed and does not argue whether any of them seek a judicial determination on a key merits issue (ECF No. 65 at 10), so the Court is not persuaded by Plaintiff. Moreover, as to the arbitrable claims, Defendants' Rule 12(b)(6) motions to dismiss are primarily based on arguments that the claims are deficiently plead (ECF No. 23 at 13-23; ECF No. 24 at 8) or procedurally barred by the

---

the Court need not consider them. *See, e.g.*, *Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) ("[W]e do not consider issues raised for the first time in reply briefs."). In any event, as discussed below, the Court finds that Plaintiff has not met its burden to establish waiver under the two-element federal standard.

statute of limitations (ECF No. 23 at 19; ECF No. 24 at 5-7) and therefore are not principally seeking a decision on the merits. *See Banq, Inc. v. Purcell*, Case No. 2:22-cv-00773-APG-VCF, 2023 WL 205759, at *3 (D. Nev. Jan. 17, 2023) (citations omitted). Defendants' Nevada anti-SLAPP motions to dismiss also rely on the same arguments. (ECF No. 33 at 10-20; ECF No. 34 at 11-21.) Such motion practice reflects a "determination to avoid or frustrate the litigation," not necessarily inconsistent with the right to arbitrate. *See Newirth*, 931 F.3d at 941-42.

Plaintiff next argues that Defendants' participation in extensive written discovery constitutes acts inconsistent with the right to arbitrate. (ECF No. 65 at 10-11.) While Defendants have propounded numerous discovery requests, Plaintiff's argument that this is "clearly inconsistent with an intent to arbitrate this dispute" is conclusory (*id.* at 11), and Plaintiff has not demonstrated that the discovery that has been conducted was a type that Defendants would not be able to obtain in arbitration. Because Plaintiff has not shown that Defendants have taken advantage of any judicial discovery procedures not available in the arbitral forum, the Court finds that Defendants' discovery actions are not necessarily inconsistent with the right to arbitrate. *Cf. Martin*, 829 F.3d at 1125 (citing *Plows v. Rockwell Collins, Inc.*, 812 F.Supp.2d 1063, 1067-68 (C.D. Cal. 2011)) (noting that participating in discovery that would not have been available under the arbitration agreement is an example of "takin[g] advantage of being in federal court"). Moreover, most of Plaintiff's claims are not subject to arbitration, and the Court is persuaded that Defendants acted appropriately by pursuing discovery related to the non-arbitrable claims within the time frame contemplated by the Court's original scheduling order.

Accordingly, the Court finds that Plaintiff has not met its "heavy burden" to demonstrate a waiver of Defendants' right to arbitrate. *See Martin*, 829 F.3d at 1124. Because the Court finds that the arbitration clause in the Agreement is valid, that it encompasses the claims at issue as to all parties, and that the right to compel arbitration has not been waived, Plaintiff's seventeenth through twenty-second claims are subject to

binding arbitration. The Court will therefore grant Defendants' motion to compel arbitration and stay judicial proceedings of these arbitrable claims under 9 U.S.C. § 3.

### B. Nevada Anti-SLAPP Motions to Dismiss

Defendants move to dismiss Plaintiff's state-law claims—the seventeenth through twenty-second claims—under Nevada's anti-SLAPP statute. (ECF Nos. 33, 34, 35, 36.) Having found that these claims are subject to compelled arbitration, the Court will deny Defendants' Nevada anti-SLAPP motions to dismiss as moot.

### C. Rule 12(b)(6) Motions to Dismiss

Defendants also move to dismiss Plaintiff's claims under Rule 12(b)(6). (ECF Nos. 23, 24, 25, 26.) The Court denies the Rule 12(b)(6) motions as moot as they relate to the arbitrable claims and analyzes the motions below as to the remaining claims—the first through sixteenth claims and the twenty-third claim.

#### 1. Time Bar

Defendants 1.4g and Red Apple argue that Plaintiff's trademark infringement and unfair competition claims—the first, second, fourth, fifth, seventh, eighth, tenth, and eleventh claims—are barred by a four-year statute of limitations. (ECF No. 23 at 5-7.) Plaintiff counters that those claims are not time-barred because Plaintiff alleges ongoing claims of infringement and unfair competition. (ECF No. 37 at 6-7.) The Court agrees with Plaintiff.

"For many Lanham Act claims, the alleged violations are ongoing, *i.e.*, the wrongful acts occurred both within and without the limitations period." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002). "As such, the statute of limitations is conceivably only a bar to monetary relief for the period outside the statute of limitations; the plaintiff is free to pursue monetary and equitable relief for the time within the limitations period." *Id.* (citing 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31.33 (4th ed. 2001) ("Usually, infringement is a continuing wrong, and the statute of limitations is no bar except as to damages beyond the statutory period.")).

"As violations of the Lanham Act may be 'continuing wrongs,' the statute of limitations does not bar the pending claims." *Farouk Sys., Inc. v. Chi Nail Franchises, LLC*, Case No. CV 13-7533 FMO (SHx), 2015 WL 11347663, at *4 (C.D. Cal. Sept. 8, 2015); *see also Suh v. Yang*, 987 F.Supp. 783, 796 (N.D. Cal. 1997) ("[E]ach allegedly infringing display . . . could create a separate cause of action for unfair competition and trademark infringement."). Here, Plaintiff alleges such continuing wrongs, as Defendants 1.4g and Red Apple allegedly continue to use the purportedly infringing marks to engage in unfair competition. (*See, e.g.*, ECF No. 19 at 14, 16.) The Court therefore finds that, at this motion to dismiss stage, Plaintiffs' trademark infringement and unfair competition claims are not barred by any applicable statute of limitations.

### 2.      First-To-File Rule

Defendant 1.4g next argues that Plaintiff's first through sixteenth claims should be dismissed as claims that were split in contravention of the first-to-file rule. (ECF No. 23 at 8-13.) Plaintiff counters that it has not violated the first-to file rule or committed impermissible claim-splitting and that these arguments were already rejected by the court in the related action filed in the United States District Court for the Eastern District of Arkansas, *1.4g Holdings, LLC v. Interstate Fireworks, LLC, et al.*, Case No. 4:23-cv-00346-BRW (E.D. Ark. Filed Apr. 12, 2023) ("Arkansas Action"), which stayed proceedings pending resolution of this action. (ECF No. 37 at 3, 8-9.)

Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). In determining whether to apply the first-to-file rule, courts analyze three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "The most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

Plaintiff's counterclaims against 1.4g in the Arkansas Action involve similar trademark infringement claims regarding the same trademarks at issue here. *See* Arkansas Action, ECF No. 42 (E.D. Ark. Filed Aug. 11, 2023). Therefore, as to Plaintiff's first through sixteenth claims against 1.4g, the first-to file factors would tend to favor 1.4g's position to dismiss or transfer these claims back to Arkansas. However, the court in the Arkansas Action notably granted Plaintiff's motion to stay in that case, ruling that "judicial economy will be best served by staying this case until the resolution of the Nevada case." *See id.*, ECF No. 49 (E.D. Ark. Filed Aug. 29, 2023). The Arkansas court essentially allowed Plaintiff to "go first" by proceeding with its claims in this action despite 1.4g's same arguments here. Under these circumstances, this Court finds that judicial economy—the underlying policy of the first-to-file rule—would not be served by dismissing or transferring Plaintiff's trademark infringement and unfair competition claims against 1.4g to Arkansas. Accordingly, the Court in its discretion declines to apply the first-to file rule here.

### 3. Twenty-Third Claim

Defendants 1.4g and Red Apple lastly argue that Plaintiff's twenty-third claim for "common law trademark/trade name infringement" duplicates previous claims and may be dismissed as redundant. (ECF No. 23 at 23.) Plaintiff merely argues that "maintaining their challenge to this cause of action creates no additional burden upon Defendants to defend it." (ECF No. 37 at 16.) Plaintiff's argument impliedly concedes that this claim is indeed duplicative of other claims, and the Court finds that the allegations as to this claim are redundant to allegations as to earlier-alleged claims. The Court therefore exercises its discretion to dismiss Plaintiff's twenty-third claim as duplicative. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims.").

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion to compel arbitration of Plaintiff's seventeenth through twenty-second claims (ECF No. 62) is granted.

It is further ordered that Defendants' motions to dismiss for violation of Nevada anti-SLAPP statute (ECF Nos. 33, 34, 35, 36) are denied as moot.

It is further ordered that Defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF Nos. 23, 24, 25, 26) are granted in part and denied in part, as specified herein. The motions are granted only as to Plaintiff's twenty-third claim and denied as to the remaining claims.

DATED THIS 17th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE